No. 576

No. 18895—The City of Portsmouth v. The Mitchell Manufacturing Company. Error to the Court of Appeals of Scioto County.

1091. SEWERS—1. Upkeep and operation of, by city, proprietary function.

2. City liable for damages suffered by reason of dirt and accumulations washed into.
ALLEN, J.

1. The operation and upkeep of sewers by a municipality is a proprietary function.

2. When a municipal corporation assumes the control and management of a storm-sewer which has been constructed in a public street under its supervision, it is bound to use reasonable diligence and care to see that such storm-sewer is not clogged with refuse, and is liable for negligence in the performance of such duty to a property owner injured thereby, after reasonable notice of the clogged condition of such sewer.

3. A municipality which collects refuse and dirt upon its streets in the vicinity of the catch basins of a storm-sewer and permits such refuse and dirt to be washed into the same until such accumulations clog and almost fill the sewer, is guilty of violation of Section 3714, General Code, and is liable to a property owner injured thereby.

Judgment affirmed.

Marshall, C. J., Matthias, Day and Kinkade, JJ., concur. Jones, J., concurs in judgment.

---

No. 577

No. 18896—The State, ex rel. The Cleveland Engineering Construction Co. v. T. J. Duffy, et al. The Industrial Commission of Ohio. In Mandamus.

264. COMPENSATION ACT—Application for control of not denied where there will be no interference with maritime law or proper harmony and uniformity in international or interstate relations.
DAY, J.

Where parties desiring to be controlled by the Workmen's Compensation Act have contracted with reference thereto and its application will not work prejudice to any characteristic features of the general maritime law or interfere with the proper harmony or uniformity of that law in its international or inter-state relations, such application will not be denied even though the service of the employe is rendered on "floating vessels in navigable waters," engaged in building docks, jetties, dredging, driving piles, laying pipes for gas and water, building water works cribs and similar work.

Demurrer overruled.

Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

---

No. 578

No. 18709—Peter J. Blosser v. Richard Enderlin. Error to the Court of Appeals of Ross county.

297. CONTRACT—If unambiguous, no evidence can be introduced to show agreement materially different than that expressed.

703. LANDLORD—Lessee liable for rent during term, and for restoration of property or payment of damages for failure.
MATTHIAS, J.

1. The agreement of parties to a written contract is to be ascertained from the language of the instrument and there can be no intendment or implication inconsistent with the express terms thereof.

2. Except where the reformation of a written contract is sought in equity evidence cannot be introduced to show an agreement between the parties materially different from that expressed by clear and unambiguous language of the instrument.

3. A lessee is liable upon his express covenant to pay rent during the term and to restore the property or pay damages for failure to do so though the premises had been re-leased by such lessee with the lessor's assent and rents have been accepted by him from the second lessee.

Judgment affirmed in part and reversed in part.

Marshall, C. J., Day, Allen, Kinkade and Robinson, JJ., concur.